IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STRATTON PEAY,                          :
        Plaintiff                       :        Civil No. 3:15-cv-00345
                                        :
v.                                      :        (Judge Mariani)
                                        :
SUPERINTENDENT J. FISHER, *et al.*,     :
        Defendants                      :

## MEMORANDUM

Plaintiff, Stratton Peay, an inmate formerly confined at the Smithfield State

Correctional Institution, ("SCI-Smithfield"), in Huntingdon, Pennsylvania, initiated the instant

action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is presently proceeding *via* an

amended complaint. (Doc. 17). Plaintiff alleges that he was assaulted by other inmates,

and that Defendants encouraged the assault and failed to protect him from assault. (*Id.* at

pp. 2-4). Plaintiff further alleges that Defendants tampered with his mail, poisoned his food,

and that he is unjustifiably housed in solitary confinement. (*Id.*). The named Defendants

are the following employees at SCI-Smithfield: Superintendent Jon Fisher, Deputy Lonnie

Oliver, Deputy Jay Whitesel, Captain Goss, Sergeant Crum, and Sergeant Henry. (*Id.* at p.

2).

Presently pending before the Court is Plaintiff's motion to appoint counsel. (Doc.

37). For the reasons set forth below, the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel

in a civil case, the Court has discretion "to request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and legal

issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741

F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

fact or law. *Montgomery*, 294 F.3d at 499.  If a plaintiff overcomes this threshold hurdle,

other factors to be examined are:

(1)   the plaintiff's ability to present his or her own case;
(2)   the difficulty of the particular legal issues;
(3)   the degree to which factual investigation will be necessary and the
        ability of the plaintiff to pursue investigation;
(4)   the plaintiff's capacity to retain counsel on his or her own behalf;
(5)   the extent to which the case is likely to turn on credibility
        determinations; and
(6)   whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57).  The Third Circuit Court of Appeals added two other

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

2

presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*,

232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the amended complaint has merit, Plaintiff fails to set forth

any circumstances warranting the appointment of counsel. *See Tabron*, 6 F. 3d at 155-56.

In the instant motion and supporting brief, Plaintiff simply states that he is indigent and is

therefore entitled to counsel. (Docs. 37, 38). The motion is completely devoid of any other

facts justifying the entitlement to counsel.

Upon review of the amended complaint, the legal issues presented in this case are

not complex and likely will not require expert testimony. Furthermore, despite his

incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar

with the facts of his case. In his amended complaint and other numerous submissions,

Plaintiff demonstrates the ability to adequately present his case. Moreover, the Court notes

that it does not have a large group of attorneys who would represent this action in a *pro*

*bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced

to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally,

*Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985),

coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment

3

of counsel. Accordingly, the motion for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date:   October 27, 2015

Robert D. Mariani
United States District Judge

4