IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STRATTON PEAY, :
    Plaintiff : Civil No. 3:15-cv-00345
:
v. : (Judge Mariani)
:
SUPERINTENDENT J. FISHER, et al., :
    Defendants :

## MEMORANDUM

Plaintiff, Stratton Peay, an inmate formerly confined at the Smithfield State Correctional Institution, ("SCI-Smithfield"), in Huntingdon, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is presently proceeding *via* an amended complaint. (Doc. 17). Plaintiff alleges that he was assaulted by other inmates, that Defendants encouraged the assault and, further, that Defendants failed to protect him from assault. (*Id.* at pp. 2-4). Plaintiff also alleges that Defendants tampered with his mail, poisoned his food, and that he is unjustifiably housed in solitary confinement. (*Id.*). The named Defendants are the following employees at SCI-Smithfield: Superintendent Jon Fisher, Deputy Lonnie Oliver, Deputy Jay Whitesel, Captain Goss, Sergeant Crum, and Sergeant Henry. (*Id.* at p. 2).

Presently pending before the Court are Plaintiff's motions requesting that Defendants file a reply, and requesting sanctions against the Defendants. (Docs. 30, 31). Also pending before the Court is Plaintiff's motion for relief in accordance with Federal Rule of Civil

Procedure 56(c)(1)-(4). (Doc. 40). For the reasons set forth below, each motion will be denied.

## I.  Plaintiff's Motion for an Order that Defendants File a Reply

Plaintiff filed two "Motion[s] for Order that Defendants File a Reply" wherein he expresses dissatisfaction with Defendants' answer and seeks to have them file a proper answer. (Docs. 30, 31). Upon review of Defendants' answer to the amended complaint, the Court finds that the answer adequately responds to each sentence in the amended complaint. (Doc. 24).

In the amended complaint, Plaintiff failed to state his claims in numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).[1] However, Defendants specifically note that "[f]or the sake of clarity, a numbered paragraph has been assigned to each sentence." (Doc. 24, p. 4, n. 3). Defendants' answer is clear and concise, and is a properly filed document. In light of Defendants' adequate, timely filed answer to the amended complaint, Plaintiff's motions for an order that Defendants file a reply will be denied.

## II.  Plaintiff's Request for Sanctions

Federal Civil Procedure Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition

---

[1]  Federal Rule of Civil Procedure 10(b) provides, in part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

to 'stop, look, and listen.'" *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). Specifically, Rule 11 requires that an attorney certify that any pleading, written motion or other paper presented to the Court is not presented for any improper purpose such as to harass or increase the costs of litigation, and the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." FED. R. CIV. P. 11(b)(1), (2). Rule 11 sanctions are "aimed at curbing abuses of the judicial system," *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," *Leuallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

A Rule 11 analysis requires the Court to first determine whether the party filing the Rule 11 motion complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (citing FED. R. CIV. P. 11(c)(2)). Further, pursuant to Federal Rule of Civil Procedure 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2).

In the present matter, Defendants maintain that a motion for sanctions was never served on them, and Plaintiff's request was not made in a separate motion, rather it was

made as part of Plaintiff's motion for an order that Defendants file a reply. (Doc. 32, p. 3; Doc. 34, p. 2). Upon review, Plaintiff's request for sanctions is procedurally inadequate because it was not made separately from any other motion, it does not describe the specific conduct that allegedly violates Rule 11(b), and it was never served on Defendants. See (Doc. 30). As such, the request for sanctions will be denied.

### III. Plaintiff's Motion for Relief in accordance with Federal Rule of Civil Procedure 56(c)(1)-(4)

Also pending before the Court is Plaintiff's motion for relief in accordance with Federal Rule of Civil Procedure 56(c)(1)-(4). (Doc. 40). At this juncture, there is no motion for summary judgment before the Court. Thus, Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 56 is inapplicable and must be denied.

A separate Order follows.

Date: November ___, 2015

Robert D. Mariani
United States District Judge