## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRATTON PEAY, | : | Civil No. 3:15-cv-00345 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT J. FISHER, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court in this civil rights action is a motion for an injunction and temporary restraining order filed by Plaintiff Stratton Peay ("Peay"), an inmate currently confined at the State Correctional Institution at Forest ("SCI-Forest"), in Marienville, Pennsylvania. (Doc. 82). At all times relevant to the claims in this action, Peay was housed at the State Correctional Institution at Smithfield ("SCI- Smithfield"), in Huntingdon, Pennsylvania. (Doc. 17). Defendants, employees and former employees of the State Correctional Institutions at Smithfield and Huntingdon, oppose Peay's request for injunctive relief. (Doc. 91). For the following reasons, Peay's motion will be denied.

## I.    Standard of Review

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. *Rawls v. Pa. Dep't of Corr.*, 334 Fed. Appx. 462, 464 (3d Cir. 2009). In determining whether

to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); *Chimenti v. Kimber*, 2009 WL 2957792, *1 (M.D. Pa. 2009) (Vanaskie, J.). If the record does not at least support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987); *Spotts v. United States*, 2013 WL 753520, *3 (M.D. Pa. 2013) (Carlson, M.J.), *adopted by*, 2013 WL 753799 (M.D. Pa. 2013) (Kosik, J.). The moving party bears the burden of demonstrating these factors. *Chimenti*, 2009 WL 2957792, at *1 (citing *Dorfman v. Moorhous*, 1993 WL 483166, *1 (E.D. Pa. 1993)).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *McLaughlin v. Fultz*, 2008 WL 239557, *4 (M.D. Pa. 2008) (Kosik, J.). Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir.

2

1980); *Azzara v. Scism*, 2012 WL 722342, \*10 (M.D. Pa. 2012) (Nealon, J.). The Third

Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be

redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F.*

*Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989); *Azzara*, 2012 WL 722342, at \*9-10. A

court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the

only way of protecting the plaintiff from harm." *Instant Air Freight Co.*, 882 F.2d at 801.

## II.   Discussion

Peay claims that Defendants, "via their D.O.C. [Department of Corrections]

co-conspirators", tampered with his mail, attempted to silence him, fabricated evidence

against him, and caused him to be assaulted by other inmates. (Doc. 82). Peay also

claims that Defendants improperly placed him in a single cell, and that he is innocent of his

underlying criminal conviction[1]. (*Id.*).

Peay's requests for injunctive relief are moot because he is no longer confined at

SCI-Smithfield, nor is there any likelihood of his return. It is well-recognized that the

adjudicatory power of a federal court depends upon "the continuing existence of a live and

---

[1]    Any attempt by Peay to collaterally attack his criminal conviction is barred by *Heck v.*
*Humphrey*, 512 U.S. 477 (1994). (Doc. 82, p. 2; Doc. 94). In *Heck*, the United States Supreme Court held
that where a judgment in favor of a plaintiff would necessarily implicate the invalidity of the conviction or
the length of sentence, a cause of action under 42 U.S.C. § 1983 is not cognizable unless the plaintiff can
show that his underlying "conviction or sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487.

acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 459 n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206-207 (3d Cir. 1993); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

In the case *sub judice*, Peay has been transferred from SCI-Smithfield to SCI-Forest. There is nothing in the record to suggest that there exists a reasonable probability of Peay's return to SCI-Smithfield in the foreseeable future. Consequently, his claims for injunctive relief are moot and will be denied.

Moreover, Defendants Whitesel, Goss, and Henry are employed at SCI-Smithfield in Huntingdon, PA. (Doc. 24, ¶¶ 2, 4, 6). Defendant Oliver is employed at SCI-Huntingdon in Huntingdon, PA. (*Id.* at ¶ 3). Defendants Fisher and Crum are retired from the DOC, and were formerly employed at SCI-Smithfield. (*Id.* at ¶¶ 1, 5). Defendants maintain that they

have no contact with Peay, they are located hours away from him and, thus, can cause no

harm to Peay. (Doc. 91, p. 7). The Court agrees. As stated, Peay's transfer to another

facility moots any claims for injunctive relief against the named Defendants. *See Johnson*

*v. Wenerowicz*, 440 Fed. Appx. 60, 62 (3d Cir. 2011) (holding that the prisoner's "requests

for injunctive and declaratory relief against the named DOC defendants were rendered moot

by his transfer" to another prison); *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa.

1998) (Vanaskie, J.) (concluding that unless there is a reasonable likelihood that the

prisoner will be returned to the prison against which he seeks injunctive relief, the prisoner's

transfer to another institution moots any claims for injunctive or declaratory relief).

As to Peay's request for injunctive relief against other unnamed DOC staff members

and "co-conspirators", this Court lacks jurisdiction in the instant action to issue a preliminary

injunction. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956) (holding that the

district courts do not possess the power to enjoin the United States or individual agents of

the United States over whom it never acquired personal jurisdiction). Peay failed to

establish that these unnamed DOC staff members "are in active concert or participation

with" Defendants. *See* FED. R. CIV. P. 65(d)(2)(C). Other than Peay's unsupported

allegations to the contrary, there is no evidence to suggest that these unnamed DOC staff

members have even communicated with Defendants. *See NLRB v. Northern Metal Co.*,

440 F.2d 881, 884 (3d Cir. 1971) (defining "concert" as an "agreement in a design or plan;

union formed by mutual communication of opinions and views; accordance in a scheme; harmony; simultaneous action ... mutually contrived or planned; agreed on"). Consequently, Peay has not shown that these non-party actors are in active concert or participation with Defendants. *See Glazewski v. Corzine*, 2008 U.S. Dist. LEXIS 57604, *5-6 (D. N.J. 2008) (denying injunctive relief because the complaint raised events occurring at one state prison, while the motion for an injunction concerned matters occurring on a later date at another state prison); *see also Santiago v. Walls*, 196 Fed. Appx. 416, 417 (7th Cir. 2006) (denying the prisoner's motion for injunctive relief because "the motion concerned Pontiac guards who were neither defendants in the action nor alleged to be under the control of the Menard defendants"), *writ denied* 549 U.S. 1022 (2006).

## III. Conclusion

Based on the foregoing, Peay's request for an injunction and temporary restraining order will be denied. An appropriate Order shall issue.

Date: July __12__, 2016

Robert D. Mariani
United States District Judge

6