# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRATTON PEAY, | : Civil No. 3:15-cv-00345 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| SUPERINTENDENT J. FISHER, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Presently before the Court in this civil rights action is a motion to compel discovery filed by Plaintiff Stratton Peay ("Peay"), an inmate currently confined at the State Correctional Institution at Forest ("SCI-Forest"), in Marienville, Pennsylvania. (Doc. 78). For the reasons set forth below, the motion will be denied.

### I. Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

II. <u>Discussion</u>

In the instant motion to compel discovery, Plaintiff requests that the Court order

Defendants to bear the costs of discovery, he requests the personnel files of all Defendants, and he requests that the Court order Defendants to submit an affidavit outlining their discovery arguments. (Doc. 78). The Court will address each request *seriatim*.

Request Number 1

Plaintiff contends that because he is indigent, he cannot afford to copy all of the requested documents. (Doc. 78). As such, it is apparently Plaintiff's belief that he is being deprived of access to the requested discovery materials. (*Id.*). Plaintiff, however, is mistaken. Defendants represent that they have responded to each of Plaintiff's discovery requests. (Doc. 85, p. 5). Defendants have provided the requested documents to the Superintendent's Assistant at SCI-Forest, and informed Plaintiff that he can inspect the documents by simply complying with the Department of Corrections' policy. (*Id.*). He also has the ability to copy any documents he wishes for a photocopying charge. (*Id.*). Plaintiff's access to the requested discovery materials is not being impeded by Defendants. Plaintiff may review and take notes on any documents he wishes. It is not Defendants' responsibility to provide copies of the documents to Plaintiff free of charge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3d Cir. 1982) (holding that even prisoners proceeding *in forma pauperis* are expected to pay for the incidental costs of their litigation). Indeed, it is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir.1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987).

"There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *See also Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.1983); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise"). Accordingly, this request will be denied.

### Request Number 2

Plaintiff next requests "documents regarding whether the Defendants have been 'reprimanded[',] 'fired,' and 'suspended' for misconduct[s] in the past." (Doc. 78). Defendants assert that the requested information is privileged and confidential for security reasons. (Doc. 85, pp. 6-9).

"Although personnel files are discoverable, they contain confidential information and discovery of them should be limited." *Harris v. Harley-Davidson Motor Co. Operations, Inc.*, 2010 WL 4683776, *5 (M.D. Pa. 2010) (citing *Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); *Miles v.*

4

*Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited.")). Plaintiff seeks the entire personnel records of all Defendants for his own perusal. He has not indicated how the records are relevant to his claims, he has not narrowed his request to particular dates, and he seeks personal information that may jeopardize the Defendants' safety. Beyond the obvious privacy concerns surrounding releasing personnel information about Defendants, Plaintiff's request is overly broad. The Court finds that Plaintiff has failed to provide any specific requests for information in the personnel files of any Defendants that would relate to the allegations of the amended complaint. Therefore, the Court will deny this request without prejudice and offer Plaintiff the opportunity to state very specifically and narrowly the information he requests, and how such information is relevant to his claims, in particular, his claim regarding the conduct of Defendants towards him. Should Plaintiff fail to comply with this directive, the Court will not entertain another general request for the personnel records of Defendants. Accordingly, this request will be denied without prejudice.

Request Number 3

Lastly, Plaintiff requests that "Defendants be ordered to file a detailed 'affidavit' outlining specifically why 'weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it.'" (Doc. 78). Defendants have timely filed a brief in opposition to the instant motion to compel discovery. (Doc. 85).

5

Therefore, Plaintiff's request that Defendants respond to his discovery motion will be denied.

## III. Conclusion

Based on the foregoing discussion, Plaintiff's motion to compel (Doc. 78) will be denied. An appropriate Order shall issue.

Date: July 13th, 2016

Robert D. Mariani
United States District Judge