IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRATTON PEAY, | Civil No. 3:15-cv-00345 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SUPERINTENDENT J. FISHER, et al., | |
| Defendants | |

## MEMORANDUM

Presently before the Court in this civil rights action are two motions to compel discovery filed by Plaintiff Stratton Peay ("Peay"), an inmate currently confined at the State Correctional Institution at Forest ("SCI-Forest"), in Marienville, Pennsylvania. (Docs. 80, 84). For the reasons set forth below, the motions will denied.

### I. Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. See FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

II. **Discussion**

In the instant motions to compel discovery, Plaintiff requests that the Court order

Defendants to respond to interrogatories and to bear the costs of discovery.[1] (Docs. 80, 84). The Court will address each request and response thereto.

First, Plaintiff requests that the Court order Defendants to respond to interrogatories directed to each Defendant. (Docs. 80, 84). Defendants argue that this discovery request is premature and should be denied. (Doc. 87, p. 6; Doc. 90, pp. 6-7). Defendants acknowledge that Plaintiff filed interrogatories directed to each Defendant. (Id.). Defendants maintain that they sent a letter to Plaintiff informing him that they encountered problems viewing the DVD of the incident at issue and thus required additional time to review the evidence and respond to the interrogatories. (Id.). Defendants represent that they intended to respond to Plaintiff's interrogatories by the close of discovery on February 18, 2016. (Id.). Plaintiff has not filed reply briefs further indicating that Defendants failed to respond to the interrogatories. Thus, the Court presumes that this request has been satisfied and Defendants have provided the appropriate responses. Accordingly, this

---

[1] Plaintiff also asserts that he is actually innocent of his criminal conviction, he requests that Defendants be "criminally charged", and requests a "disposition hearing." (Doc. 80; Doc. 84, p. 5). These requests will be denied. The Court again cautions Plaintiff that he cannot use this civil proceeding to contest his conviction and profess his actual innocence. See Heck v. Humphrey, 512 U.S. 477 (1994). To the extent that Plaintiff is seeking the initiation of criminal charges against Defendants, this Court has no authority to grant as relief the initiation of any criminal prosecution against Defendants. Moreover, Plaintiff has no authority to prosecute criminal charges. See United States. v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."); Conception v. Resnik, 143 F. App'x 422, 425-26 (3d Cir. 2005) (Non-Precedential) (a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so). Additionally, Plaintiff's request for a "disposition hearing" to question Defendants under penalty of perjury will be denied without prejudice for the reasons set forth in the Court's Orders of July 1, 2016 and July 12, 2016. See (Docs. 124, 128).

discovery request will be denied without prejudice to Plaintiff's right to reassert this request in the event that Defendants have not yet responded to the interrogatories.

Second, Plaintiff requests that the Court order Defendants to provide him with a free copy of the requested discovery documents, and to pay Plaintiff a monetary sum "as reasonable expenses in obtaining this order." (Doc. 80; Doc. 84, p. 5). Defendants represent that they have responded to each of Plaintiff's discovery requests. (Doc. 87, pp. 5-6; Doc. 90, pp. 5-6). Defendants indicate that they have provided the requested documents to the Superintendent's Assistant at SCI-Forest, and informed Plaintiff that he can inspect the documents by complying with the Department of Corrections' policy. (*Id.*). Plaintiff may also copy any documents he wishes for a photocopying charge, and may review and take notes on any documents he wishes. Defendants are not hindering Plaintiff's access to the requested discovery materials. It is not Defendants' responsibility to provide copies of the documents to Plaintiff free of charge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3d Cir. 1982) (holding that even prisoners proceeding *in forma pauperis* are expected to pay for the incidental costs of their litigation). It is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir.1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987). "There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes

courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *See also Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.1983); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise"). Accordingly, this request will be denied.

### III. Conclusion

Based on the foregoing, Plaintiff's motions to compel (Docs. 80, 84) will be denied. An appropriate Order shall issue.

Date: July  3 , 2016

Robert D. Mariani
United States District Judge