## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STRATTON PEAY,                :      Civil No. 3:15-cv-00345

         Plaintiff        :      (Judge Mariani)

         :

     v.                :

         :

SUPERINTENDENT J. FISHER, *et al.*,   :

         :

         Defendants      :

FILED
SCRANTON

JUL 1 5 2016

PER _____
DEPUTY CLERK

### MEMORANDUM

Presently before the Court in this civil rights action is a motion to compel discovery filed by Plaintiff Stratton Peay ("Peay"), an inmate currently confined at the State Correctional Institution at Forest ("SCI-Forest"), in Marienville, Pennsylvania. (Doc. 95). For the reasons set forth below, the motion will denied.

## I.    Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947).  The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000).  Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

## II.   Discussion

In the instant motion to compel discovery, Plaintiff requests the audio and video

tapes of the April 29, 2014 strip search that was conducted in the Restricted Housing Unit ("RHU") at the State Correctional Institution at Smithfield ("SCI-Smithfield"), the audio and video tapes of the September 4, 2014 strip search that was conducted in the RHU at the State Correctional Institution at Albion ("SCI-Albion"), and he requests that the Court impose sanctions against Defendants and their attorney. (Doc. 95, p.5).

Defendants represent that they provided the requested audio and video tapes of the April 29, 2014 strip search at SCI-Smithfield to the Superintendent's Assistant at SCI-Forest for Plaintiff's review. (Doc. 97, p. 8). The Court presumes that this request has been satisfied and Defendants have provided the appropriate videos. Accordingly, this discovery request will be denied without prejudice to Plaintiff's right to reassert this request in the event that Defendants have not provided the requested audio and video tapes.

Plaintiff next seeks copies of the audio and video tapes of a September 4, 2014 strip search that was conducted in the RHU at SCI-Albion. (Doc. 95, p. 5). Plaintiff's amended complaint contains no allegations regarding any events that occurred at SCI-Albion. (Doc. 17). These videos are irrelevant to the claims at issue and Plaintiff's request will be denied.

Plaintiff also requests that the Court impose sanctions against Defendants and their counsel for failure to comply with discovery requests. (Doc. 95, p. 5). Plaintiff suggests, in a somewhat conclusory fashion, that Defendants and defense counsel should be sanctioned for failing to comply with his discovery requests. Plaintiff fails to cite any legal

3

basis for his request, however he is presumably relying on Federal Rule of Civil Procedure 37, which permits the Court to issue sanctions in certain situations relating to failure to comply with discovery requests.

Federal Rule of Civil Procedure 37 provides for a wide range of sanctions that may be imposed for a party's failure to comply with discovery obligations. *See, e.g.,* FED.R.CIV.P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). "The choice of the appropriate sanction is committed to the sound discretion of the district court." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). However, if a district court finds that sanctions are warranted, the Court must make factual findings to justify such an award. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (finding that the district court abused its discretion in imposing sanctions against defense counsel where the court made no explicit findings of misconduct, and the record did not support such a finding).

The Court is intimately familiar with the procedural and factual background of this case, and the Court is not convinced that sanctions are appropriate. Accordingly, Plaintiff's request for sanctions will be denied.

## III.   Conclusion

Based on the foregoing, Plaintiff's motion to compel (Doc. 95) will be denied. An

4

appropriate Order shall issue.

Date:  July ___, 2016

Robert D. Mariani
United States District Judge