IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRATTON PEAY, | : | Civil No. 3:15-cv-345 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT J. FISHER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Stratton Peay, an inmate formerly confined at the Smithfield State Correctional Institution, ("SCI-Smithfield"), in Huntingdon, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is presently proceeding *via* an amended complaint. (Doc. 17). Pending before the court is Peay's motion to compel discovery. (Doc. 104). For the reasons set forth below, the Court will deny the motion.

## I. Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope

of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

## II. Discussion

In the instant motion to compel discovery, Peay claims that he is actually innocent of the "murder[] of Tyiene Williams and wound[ing of] John Bryant", and requests an investigation into his criminal conviction. (Doc. 104-1, p. 2-3). Peay requests the following:

> (1) "My Discovery request is that you (or someone from your office) speak with Smith personally concerning Glenn's confession. In the alternative, I ask that you have the U.S. Attorney General's Office, or the F.B.I., do so."
>
> (2) "My 2nd discovery request is that you, your office, the U.S. Atty. General's Office, or F.B.I. show 'photo arrays', containing Glenn's and Behlin's photo, to the Eye-witnesses (D. Brunson, B. Jenkins, J. Lewis, and Ira Donaldson) to see if they can identify any of them (Glenn, Behlin/Coleman)."
>
> (3) "[M]y 3rd request is that you have the 6 fired shell-casings dusted for prints, and if found to contain any, immediately 'exonerate' me of all charges."

(Doc. 107-1, pp. 2-4).

Defendants argue, *inter alia*, that Peay's motion was prematurely filed. (Doc. 107, p. 3). The Court agrees. Defendants were served with a copy of Plaintiff's discovery requests on April 11, 2016. (Doc. 107-1). Defendants' responses were due on or before May 11, 2016. Plaintiff filed the instant motion to compel on April 22, 2016, prior to Defendants' serving their responses to the discovery requests. Thus, at the time Peay filed the instant motion, he could not possibly claim that the Defendants did not provide him with the requested information. Consequently, the motion to compel discovery will be denied as prematurely filed.

## III. <u>Conclusion</u>

Based on the foregoing, the motion to compel discovery will be denied. A separate Order shall issue.

Date: March 16, 2017

Robert D. Mariani
United States District Judge